# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JACQUELINE COOLEY, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:16-CV-01432-VEH** |
| | ) | |
| **HMR OF ALABAMA, INC. d/b/a** | ) | |
| **Robert L. Howard Veterans Home,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

This civil action has been filed by 44 individual Plaintiffs[1] who allege that the

Defendant, HMR of Alabama, Inc. d/b/a Robert L. Howard Veterans Home ("HMR")

has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"), by

failing to pay required overtime to them when they were required to perform work

duties during their lunch periods. (Count One). The Plaintiffs also allege that this

same conduct breached an implied contract between themselves and the Defendant

---

[1] The named Plaintiffs are: Jacqueline Cooley; Heather Adams; Rosie Boyd; Ebony
Byers; Shakelia Calhoun; Kimberly Campbell; Myrania Carlton; Jewell Chandler; Jalysa Embry;
Apryl Evans; Voncel Freeman; Leasa Gowers; Tasha Harris; Cecelia Hawkins; Elleon Herring;
Almelia Hill; Johnnie Hollis; Shanelle Hurrell; Regina Isaac; Travis Ivy; Angela Jones; Santrecia
Kelley; Sarah Marbury; Angela McCray; Margaret Mixon; Vanessa Moten; Patricia Parks;
Denetha Petty; Betty Phillips; Patricia Robinson; Toinetta Sutton; Chervon Tanner; Treneia
Toyer; Clarissa Truss; Sujutoria Truss; Cameka Turner; David Vaughan; Debra Vaughan; Jill
Vaughan; Patricia Wallace; Constance Williams; Angela Wilson; Ruby Wilson; and Andrea
Wood.

(Count Two), and that the Defendant owes them compensation pursuant to the theories of "Quasi-Contract/Work and Labor Done/Quantum Meruit" (Count Three). The FLSA claims are brought as a collective action pursuant to 29 U.S.C. §§ 207 and 216(b). The Alabama state law claims are brought as a purported class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Doc. 1 at 20, ¶75).

This case comes before the Court on the Defendant's motion to dismiss, or alternatively to strike the class action allegations in the Complaint. (Doc. 6). On October 28, 2016, this Court ordered that "[d]scovery in the matter, and any requirements of Rule 26(a) and (f), are hereby STAYED until the Court rules on the pending motion to dismiss." (Doc. 14). However, on November 18, 2016, the Court, upon reconsideration, lifted the stay as to "discovery directed solely to the issue of conditional class certification." (Doc. 19 at 3). Since then the case has been at a standstill save for the aforementioned limited discovery.

For the reasons stated herein, the motion to dismiss will be **GRANTED in part** and **DENIED in part**.

## I. STANDARD

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of

Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting Fed. R. Civ. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

## II.   FACTUAL ALLEGATIONS IN THE COMPLAINT

The following pertinent factual allegations appear in the Complaint:

53.    At all times material hereto, Defendant employed Plaintiffs and class members on a non-exempt hourly wage basis.

54.    Defendant paid Plaintiffs and class members for some, but not all, of Plaintiffs' overtime hours, at one and one-half times Plaintiffs' regular hourly rates of pay.

55.    At all times material hereto, Defendant's Employee Handbook stated that employees normally working over four (4) hours per

workday, whose work schedule extended over a meal period, were entitled to a thirty (30) minute meal break.

56.     At all times material hereto, Defendant had a policy, set forth in its Employee Handbook, in which it automatically deducted a 30-minute uncompensated meal break (hereinafter "uncompensated meal break"), per workday, from a non-exempt employee's workweek.

57.     These uncompensated meal breaks were considered an employee's "own time."

58.     According to the Employee Handbook, a non-exempt employee's supervisor or department head was responsible for scheduling the employee's uncompensated meal breaks.

59.     Said supervisors and/or department heads often failed and/or refused to make the schedule specifying a non-exempt employee's uncompensated meal breaks.

60.     Defendant knows and/or has reason to believe that Plaintiffs and class members perform work during their uncompensated meal breaks.

61.     Even when schedules were made, Plaintiffs and class members were required to work during many of their uncompensated meal breaks, for the benefit of Defendant.

62.     Defendants did not ensure that Plaintiffs and class members were completely relieved of their work duties during their uncompensated meal breaks.

63.     Plaintiffs and class members were routinely not completely relieved of their work duties during their uncompensated meal breaks.

64.     As a result of Defendant's practice, Plaintiffs and class members worked multiple hours per workweek for which they received no compensation whatsoever, whether straight-time or overtime.

65.     Plaintiffs and class members regularly worked over forty (40) hours per workweek, but did not get the proper amount of overtime compensation for the additional hours worked, due to Defendant's practice of requiring Plaintiffs and class members to regularly perform compensable work for Defendant during their uncompensated meal breaks.

66.     Plaintiffs and class members performed work for Defendant, on Defendant's premises, in plain sight, and at management's request during their uncompensated meal breaks.

67.     Defendant observed Plaintiffs and class members working through their uncompensated meal breaks.

68.     Defendant directed Plaintiffs and class members to work during their uncompensated meal breaks.

69.     Even though Defendant knew that Plaintiffs and class members worked during their uncompensated meal breaks, Defendant failed to compensate Plaintiffs and class members for their work, electing instead to accept the benefits of Plaintiffs' and class members' uncompensated work.

(Doc. 1 at 15-17, ¶¶ 53-69).

The Complaint also identifies that specific job titles of each of the named Plaintiffs. Thirty-three Plaintiffs were employed by the Defendant solely as "Certified Nursing Assistants" or "CNAs." (Doc. 1 at 4-5, ¶¶7-13).[2] Three Plaintiffs were

---

[2] The named Plaintiffs employed solely as CNAs were: Jacqueline Cooley; Heather Adams; Rosie Boyd; Ebony Byers; Shakelia Calhoun; Kimberly Campbell; Myrania Carlton, Jalysa Embry, Apryl Evans, Voncel Freeman, Cecelia Hawkins, Elleon Herring, Almelia Hill, Shanelle Hurrell, Angela Jones, Santrecia Kelley, Sarah Marbury, Angela McCray, Margaret Mixon, Vanessa Moten, Patricia Parks, Denetha Petty, Betty Phillips, Patricia Robinson, Toinetta Sutton, Chervon Tanner, Treneia Toyer, Sujutoria Truss, David Vaughan, Jill Vaughan, Patricia Wallace, Constance Williams, and Angela Wilson.

employed as "Licensed Practical Nurses" or "LPNs." (Doc. 1 at 5, 8, 12, ¶¶, 14, 23, 40).[3] One Plaintiff was employed as a "Driver/Driver Coordinator." (Doc. 1 at 6, ¶18).[4] Three Plaintiffs were each employed as a "CNA/Concierge." (Doc. 1 at 7, 8, 13, ¶¶19, 25, 44).[5] One Plaintiff was employed as a "CNA/Driver." (Doc. 1 at 8, ¶26).[6] One Plaintiff was employed as a "CNA/Unit Clerk." (Doc. 1 at 12, ¶42).[7] One Plaintiff was employed as a "Concierge." (Doc. 1 at 14, ¶49).[8] Finally, one Plaintiff was employed as a "CNA/Machine Operator." (Doc. 1 at 14, ¶50).[9]

## III. ANALYSIS

### A. <u>Count Two Will Be Dismissed</u>

The Plaintiffs "concede that the signed disclaimers to the Employee Handbook foreclose their implied contract claim (Count Two)." (Doc. 13 at 4; *see also*, doc. 13 at 4 ("Plaintiffs contend that Defendant's Motion to Dismiss is due to be GRANTED as to Plaintiffs' implied contract claim (Count Two)[.]"); doc. 13 at 10-11). Count

---

[3] The named Plaintiffs employed solely as LPNs were: Jewell Chandler, Johnnie Hollis, and Clarissa Truss.

[4] Leasa Gowers was employed in this capacity.

[5] Tasha Harris, Regina Isaac and Debra Vaughan were each employed in this capacity.

[6] Travis Ivy was employed in this capacity.

[7] Cameka Turner was employed in this capacity.

[8] Ruby Wilson was employed in this capacity.

[9] Andrea Wood was employed in this capacity.

Two will be dismissed.

## B.  Count Three (the Quantum Meruit Claim) Will Not Be Dismissed

### 1.  *Count Three Is Not Duplicative of Count Two*

The Defendant argues that this count must be dismissed as it alleges the same

grounds for relief as in Count Two. (Doc. 7 at 15). The Court disagrees. In Count

Two, the Plaintiffs alleged that the employee handbook created an implied contract.

As the Plaintiffs point out

> unlike Count Two, Plaintiffs' quantum meruit claims (Count Three) are
> not derived from any implied contract related to the Employee
> Handbook, but rather from the implied contract arising out of the course
> of dealing between Defendant and Plaintiffs whereby, "[a]t Defendant's
> request, Plaintiffs . . . routinely provided labor and services to Defendant
> during many of their uncompensated meal breaks" with the
> understanding that they would be compensated for all work performed.
> Doc. 1 at ¶ 112. In other words, Count Three of Plaintiffs Complaint is
> broader than Count Two, and because Count Two is due to be
> dismissed, Defendant's argument that Count Three is duplicative is
> without merit.

(Doc. 13 at 12).

### 2.  *Equitable Relief Is Available Under These Circumstances*

The Defendant next argues that "equitable relief for claims such as quantum

meruit or unjust enrichment are allowed only when there is no adequate remedy at

law," and that the "Plaintiffs have an adequate remedy for any time worked during

meal periods under the FLSA." (Doc. 7 at 16). The Plaintiffs argue that they

> do not have an adequate remedy under the law for time worked during their meal breaks because the FLSA concerns only the payment of minimum and overtime wages . . . .[and] the time worked during meal breaks likely constitutes gap-time, which is arguably not a cognizable claim under the FLSA, even though Plaintiffs worked overtime.

(Doc. 13 at 13). As will be discussed in more detail below, the Court concludes that a claim for "gap-time" is not available under the FLSA. Since the FLSA provides no adequate remedy at law, equitable relief is not foreclosed.

### 3. *The FLSA Does Not Preempt the Plaintiffs' Claim for Gap Time*

The Defendant argues that the Plaintiffs state-law claims "are pre-empted by the FLSA because they are predicated on the same facts that allegedly establish an FLSA violation." (Doc. 7 at 17). The Plaintiffs respond that Count Three

> seeks to recover for the work and labor done during Plaintiffs' uncompensated meal breaks each week. In other words, it seeks recovery of all work performed between 37.5 and 40 hours per week, as opposed to overtime work – the FLSA claim.

(Doc. 13 at 14). They refer to this as a "gap time" claim.

"In the wage and hour world, ["gap time" is] this time between scheduled hours and overtime hours." *Thrower v. Peach Cty., Georgia, Bd. of Educ.*, No. 5:08-CV-176 MTT, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010). In the instant case the "gap" is the two and one-half hours per week which each Plaintiff was required to work, uncompensated, due to there being a deduction for meal breaks. However, assuming

9

that the Plaintiffs' effective hourly rate of pay, when considering the additional hours worked, still met or exceeded the statutory minimum, there is no claim under the FLSA, which provides a remedy only for "unpaid minimum wages, [and] unpaid overtime compensation." 29 U.S.C. § 216(b).

Although the Eleventh Circuit has issued no opinion as to whether the FLSA covers gap time, at least three circuits have held that it does not. *See*, *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014) (but declining to decide whether "overtime gap time" claims were cognizable under the FLSA); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) (the "FLSA does not provide for a gap-time claim even when an employee has worked overtime."); *Monahan v. Cty. of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996) ("[T]here is no cause of action under the FLSA for pure gap time when there is no evidence of a minimum wage or maximum hour violation by the employer."); *see also*, *Thrower v. Peach Cty., Georgia, Bd. of Educ.*, No. 5:08-CV-176 MTT, 2010 WL 4536997, at *5 (M.D. Ga. Nov. 2, 2010) (Treadwell, J.) ("[T]he clear weight and trend of authority, nearly twenty years later, is that pure gap time claims are not compensable."); *Foster v. Angels Outreach, LLC*, No. CIVA 206CV980-ID WO, 2007 WL 4468717, at *3 (M.D. Ala. Dec. 17, 2007) (DeMent, J.) ("[The FLSA] does not provide a remedy to Plaintiffs for their unpaid contractual wages which exceed

the statutory mandated minimum wage."); *Ealy-Simon v. Liberty Med. Supply, Inc.*,

No. 05-14059-CIV, 2007 WL 7773834, at *6 (S.D. Fla. Feb. 12, 2007) (Lynch, M.J.)

("FLSA law is such that an employee can seek minimum wage or overtime

compensation only (and hence no straight or 'gap' time)).

The rationale of the above cases is consistent with the remedial language of the

FLSA.[10] Accordingly, the Court finds them persuasive and also holds that the FLSA

does not provide a cause of action for a gap time claim. Accordingly, Count Three is

not preempted by the FLSA.[11]

## C.  Count One – The FLSA Claim

The parties disagree over the level of factual detail required of a pleading

setting out an FLSA overtime claim. The only Eleventh Circuit case which has

addressed this issue is *Sec'y of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008), in

which the Eleventh Circuit explained that

---

[10] "'[I]t is ... an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies.'" *Love v. Delta Air Lines*, 310 F.3d 1347, 1358 (11th Cir. 2002) (*quoting Karahalios v. Nat'l Fed'n of Fed. Employees*, 489 U.S. 527, 533, 109 S.Ct. 1282, 1286–87, 103 L.Ed.2d 539 (1989)).

[11] In its reply brief, the Defendant argues that the "Quantum Meruit claim fails for lack of specificity in pleading." (Doc. 15 at 8; *see generally* doc. 15 at 8-11). In its brief in support of the motion, the Defendant argued that the FLSA overtime claims must be dismissed for lack of specificity. (Doc. 7 at 8-12). It did not make the same argument in its initial brief as to Count Three. The Court will not consider this new argument, raised for the first time in the reply brief. *See, Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1353 (11th Cir. 2005) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.").

the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. See 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading.

*Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (*citing Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir.2005)). The Eleventh Circuit also noted that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Labbe*, 319 F. App'x at 763. The panel in *Labbe* held that merely alleging that the Defendant violated the FLSA "by failing to pay its employees applicable minimum wage" was sufficient to overcome a motion to dismiss. *Id*. at 762.

Labbe is an unpublished opinion and therefore not binding on this Court. *See* U.S.Ct. of App. 11th Cir. Rule 36-2. Further, *Labbe* was decided prior to *Iqbal*. The Court agrees with the following observation by the Ninth Circuit Court of Appeals:

Although we agree with the Eleventh Circuit that detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, we do not agree that conclusory allegations that merely recite the statutory language are adequate. Indeed, such an approach runs afoul of the Supreme Court's pronouncement in *Iqbal* that a Plaintiff's pleading burden cannot be discharged by "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action ..." *Iqbal*, 556

U.S. at 678, 129 S.Ct. 1937 (citation and internal quotation marks omitted).

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015).

Since *Iqbal*, several other circuit courts which have considered this issue have consistently required a plaintiff to plead facts demonstrating that he worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek. *See*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241–42 (3d Cir. 2014) ("We agree with the middle-ground approach taken by the Court of Appeals for the Second Circuit in *Lundy* . . . that 'in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours.'") (quoting *Lundy*, 711 F.3d at 114); *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) ("to make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least

one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours. Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay."); *Landers*, 771 F.3d at 644–45 (9th Cir. 2014) ("We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."). Although the Plaintiffs correctly note that "[d]istrict courts remain divided" on this point, they cite no circuit court opinions, other than *Labbe*, which hold that the type of bare pleading done in the instant case is sufficient.[12]

The Court finds the opinions of these circuits to be persuasive and holds that in order to plausibly state a claim for failure to pay overtime under the FLSA, the Plaintiffs must provide sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the Defendant failed to pay the requisite overtime premium for those overtime hours.[13]

---

[12] The Court's own research has uncovered no such opinions either.

[13] In refusing to follow the approach in *Labbe*, this Court also rejects the district court opinions, cited by the Plaintiffs, which take the opposite approach. *See Cartwright v. M2R, Inc.*, No. 5:14-CV-02213-SGC, 2016 WL 3181402, at *1 (N.D. Ala. June 8, 2016) (Cornelius, M.J.) (not citing or discussing *Labbe* but finding plaintiff's allegation that "she worked more than forty

*See Stafflinger v. RTD Constructions, Inc.*, No. 615CV1564ORL40TBS, 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015) (Smith, M.J.), *report and recommendation adopted*, No. 615CV1564ORL40TBS, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016) (following *Lundy* instead of *Labbe*).[14] The Plaintiffs do not dispute that their

---

hours per week as a certified nursing assistant and that Defendant failed to pay overtime compensation" sufficient under *Twombly* and *Iqbal*); *Pope v. Walgreen Co.*, No. 3:14-CV-439, 2015 WL 471006, at *5 (E.D. Tenn. Feb. 4, 2015) (Phillips, J.) (quoting *Labbe* and stating: "To require the present plaintiffs to each specify in their complaint a particular week in which they worked more than 40 hours without overtime pay would, again, be rigidly harsh and inconsistent with *Iqbal* and *Twombly*. Plaintiffs have pled that the EXA position is one requiring a schedule of more than 44 hours per week. Plaintiffs have further pled that they 'regularly and repeatedly' exceeded those weekly hours without overtime pay."); *Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1373 (S.D. Fla. 2016) (Marra, J.) (citing *Labbe*, noting the "straightforward" nature of FLSA cases, and rejecting argument that complaint was deficient because the plaintiff did not specify any time period or approximate number of hours worked during a given time period); *Anish v. Nat'l Sec. Corp.*, 10–80330–CIV–MARRA, 2010 WL 4065433, at *2 (S.D.Fla.2010) (Marra, J.) (same).

[14] The Plaintiffs call *Stafflinger* "an outlier case" and argue:

> Although the *Stafflinger* court followed *Lundy* over *Labbe*, a closer reading of the opinion reveals that the court found *Lundy* more persuasive primarily because Stafflinger "never actually allege[d] that he ever worked in excess of 40 hours in a workweek while employed by [RTD Construction]." . . . In fact, his only allegation was that RTD Construction repeatedly and willfully violated the FLSA by failing to compensate him at the rate required by the FLSA when working in excess of 40 hours per week. . . . Such is not the case here. Unlike *Stafflinger*, Plaintiffs' Complaint expressly alleges that they "regularly worked over [40] hours per workweek, but did not get the proper amount of overtime compensation for the additional hours worked[.]" Doc. 1 at ¶ 65.

(Doc. 13 at 8). This Court does not read the district court's opinion in *Stafflinger* as so limited. The district court in *Stafflinger* actually wrote: "Although not controlling, the Second Circuit's opinion is persuasive, particularly here, where Plaintiff never actually alleges that he ever worked in excess of 40 hours in a workweek while employed by Defendant. *Stafflinger*, 2015 WL 9598825, at *2. The Court believes the district court in *Stafflinger* meant that *Lundy* is persuasive generally, but even more so in light of the pleading it had before it. Regardless, this Court is not bound by that court's reasoning for finding *Stafflinger* persuasive.

Complaint is deficient in this regard.[15] Neither do they argue that they cannot provide

this factual detail.[16]

_____

[15] The Court is also guided by the following reasoning from the Ninth Circuit's opinion in *Landers*:

> We are mindful of the Supreme Court's admonition that the pleading of detailed facts is not required under Rule 8, and that pleadings are to be evaluated in the light of judicial experience. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. We also agree that the plausibility of a claim is "context-specific." *Lundy*, 711 F.3d at 114. A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. *See Pruell*, 678 F.3d at 14. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants. *See Pruell*, 678 F.3d at 15; *see also* 29 U.S.C. § 211(c) (FLSA provision requiring employers subject to the FLSA to keep records concerning their employees' work schedules and compensation).

*Landers*, 771 F.3d at 645. Still, this Court feels that more is required than just the bare allegation that the Plaintiffs "regularly" worked over 40 hours per week" but were not paid overtime. *See, Pruell v. Caritas Christi,* 678 F.3d 10, 13 (1st Cir. 2012) (finding allegation that the plaintiffs "'regularly worked hours over 40 in a week and were not compensated for such time,' standing alone, to be "little more than a paraphrase of the statute.").

[16] The Plaintiffs argue:

> Plaintiffs pled their FLSA claims as sufficiently as possible given the limited amount of information available to them at this early, pre-discovery stage of the case. For instance, Plaintiffs do not receive a traditional paycheck stub with each paycheck. In order to obtain their paycheck stubs, Plaintiffs must get a username and password from Defendant's Human Resources department, and then use that information to login to an online portal. Even if Plaintiffs have access to that information, the electronic paycheck stubs only list adjusted hours – meaning they only reflect the hours worked after Defendant automatically deducts 2.5 hours per week for uncompensated meal breaks. The adjusted paycheck stubs are the only

The Defendant also argues that the Plaintiffs must factually allege "the compensable work Plaintiffs performed during their meal periods." (Doc. 7 at 9). The Defendant states that

> without factual pleading as to the nature of the work Defendant required of Plaintiffs during such meal break, it is impossible to assess whether the law would show a missed or simply interrupted meal period; whether it was de minimus work performed; or even whether the work required was compensable work at all.

(Doc. 7 at 12). As authority for this additional requirement, the Defendant cites *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012).

*Pruell* is factual similar to the instant case. In that case,

> Ashleigh Pruell and Amy Gordon filed suit . . . against hospitals and health care providers [and] complained of systematic under-compensation—in particular, a failure to compensate them for work performed during their meal break, for work performed before and after shifts, and for time spent attending training sessions.

*Pruell*, 678 F.3d at 11–12. The district court held that the plaintiffs' FLSA claim was

_____

way for Plaintiffs to determine how many hours they worked in a given week. Of course the problem with the paycheck stubs is that they are inherently inaccurate because they do not show any work done during the automatically deducted meal breaks. As for other records reflecting how Plaintiffs' pay was computed, Plaintiffs are unaware of any schedules and/or time sheets delineating when their meal breaks were set and recording whether or not they worked through them. Presumably Defendant would have any schedules or the like, since the Employee Handbook states that Defendant was responsible for scheduling.

(Doc. 13 at 9-10). The Defendant is not contending that such detail is required. It "recognizes that without the payroll records Plaintiffs may not be able to provide an approximation [of hours worked], but [the] Plaintiffs should be able to identify one workweek where they were required to work overtime hours." (Doc. 15 at 2). The court agrees.

deficiently pled because, given the lack of any information on plaintiffs' approximate weekly wages and hours worked, or even an allegation that they had worked in excess of forty hours in any workweek, the Complaint failed to allege that the plaintiffs performed work for which they were under-compensated. Thereafter, the plaintiffs amended "adding only the general allegation that the named plaintiffs and the 12,000 putative class members 'regularly worked' over 40 hours a week and were not compensated for such time." *Id.* at 12. The district court again dismissed the complaint.

The First Circuit held that the allegation that the plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" was insufficient. *Id.* at 13. It then wrote:

> The harder question is whether the deficiency is cured by three general allegations in the complaint—namely, charges that [the employer] requires unpaid work through meal-breaks due to an automatic timekeeping deduction, unpaid preliminary and postliminary work, and unpaid training sessions. The first is the most concrete and so can stand in for the others. In a nutshell, the complaint said that the plaintiffs and other class members regularly worked through their lunch breaks but that the computer system tracking time for compensation automatically deducted a half hour for lunch.
>
> Arguably, once the complaint was amended to allege regular work by plaintiffs and others of more than 40 hours a week, it now described a mechanism by which the FLSA *may have been violated* as to those who worked through their lunches. But such persons could still have been properly compensated under the FLSA: in particular, various forms

of "work" may not be not compensable. *See* 29 U.S.C. § 254(a) (non-"principal" preliminary or postliminary work not compensable); 29 C.F.R. §§ 785.27–785.32 (various types of training not compensable); *id*. § 785.47 (insignificant time beyond scheduled working hours not compensable).

Yet even the amended complaint does not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times. Also, additional compensation—say, premium pay above the time-and-a-half mandatory rate, or differential pay for certain shifts—may offset any deficiency created by other uncompensated time. *See* 29 U.S.C. § 207(e)(5)-(7), (h); 29 C.F.R. § 778.200, 778.202.

*Id.* at 13–14 (emphasis added). Several district courts have followed this approach.

*See*, *Girolamo v. Cmty. Physical Therapy & Assocs., Ltd.*, No. 15-CV-02361, 2016 WL 2909649, at *3 (N.D. Ill. May 19, 2016) (Wood, J.) ("[A]lthough she alleges that CPT's productivity requirement policy forced her to perform work in the evenings and weekends, she includes no information regarding when or how often she worked overtime as a result of that policy, how much overtime she worked as a result of that policy, what type of work she performed outside of regular work hours, or whether other compensation may have offset any deficiency in overtime compensation."); *Mercado-Rodriguez v. Hernandez Rosario*, 150 F. Supp. 3d 171, 174 (D.P.R. 2016) (Gelpi, J.) ("Though the FLSA does require that employers pay employees who performed compensable work during meal breaks, Mercado's Complaint is bereft of any such allegation.") (emphasis added); *Hernandez v. Praxair Distribution, Inc.*, No.

4:14-CV-01535, 2015 WL 5608233, at *2 (S.D. Tex. Sept. 23, 2015) (Harmon, J.) ("Hernandez's allegation that Defendants deducted 30 minutes per day for lunch from Plaintiff's time worked without allowing him to take the full 30 minutes for lunch is not sufficiently specific to survive a motion to dismiss. Plaintiff does not give details about the dates on which this occurred, any time he was permitted to take for lunch, tasks he continued during lunch, or the prohibition against taking the full 30 minutes.") (internal quotations and citations omitted); *Martinez v. Xclusive Mgmt., LLC*, No. 15-CV-00047-MSK-MEH, 2015 WL 12734809, at *7 (D. Colo. Aug. 12, 2015) (Hegarty, J.) ("[T]he Plaintiffs here do not allege what work they were required to perform while 'on break' or any policies or practices requiring them to work while 'on break.'").

The Court is persuaded that, when a plaintiff alleges that he was required to perform work during periods of time, such as lunch, in which he ordinarily is not compensated, that the plaintiff should, at a minimum, allege the type of compensable work he performed during the meal periods.[17] The Plaintiffs' Complaint is also

---

[17] The Plaintiffs do not actually disagree with this requirement. Instead, they argue:

As for Defendant's argument that Plaintiffs failed to factually plead the nature of the work that Defendant required them to perform during each uncompensated meal break, Plaintiffs note that the Complaint specifically states that they regularly performed "compensable work" during their uncompensated meal breaks.

deficient in this regard.

The Plaintiffs state that "if the Court finds that Plaintiffs' Complaint lacks the requisite amount of specificity, the remedy for such failure is not dismissal on the merits, as Defendants propose. Instead, Plaintiffs should be allowed to amend their Complaint." (Doc. 13 at 19). "Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (*quoting Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991)). The Plaintiffs will be allowed to amend.

## D.  The Class/Collective Action Allegations

The Defendant also contends that the Complaint fails to adequately plead a class or collective action. (Doc. 7 at 19-27; doc. 15 at 4-8). In light of the fact that limited discovery has already begun on the collective action issues, the Court deems it appropriate to deny this portion of the motion at this time, without prejudice. Further, until the Plaintiffs amend to address the deficiencies noted in the FLSA count, resolution of these issues is premature.[18] These arguments may be made again

_____

(Doc. 13 at 10). Said allegation is nothing more than "formulaic recitation of the elements of a cause of action" which the Supreme Court has said "will not do." *Twombly*, 550 U.S. at 555.

[18] For example, one of the Defendant's arguments is that this Court should strike the Rule 23 class action allegations "as inherently incompatible with their FLSA collective action claims." (Doc. 7 at 23-27). In the event that the Plaintiffs cannot amend to save their FLSA claims, this

in response to motions directed to class/collective action certification issues.

## IV.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the motion to dismiss is hereby **GRANTED** as to Counts One and Two. All claims contained in Count One are hereby **DISMISSED without prejudice**. The Plaintiffs may file an Amended Complaint no later than May 14, 2017, which cures the pleading deficiencies noted as to Count One. All claims contained in Count Two are hereby **DISMISSED with prejudice.** In all other respects, the motion to dismiss is **DENIED**.

**DONE** and **ORDERED** this 11th day of April, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

_____

will be a non-issue.