FILED
2018 Jan-22 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JACQUELINE COOLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 4:16-CV-01432-VEH |
| | ) |
| HMR OF ALABAMA, INC. d/b/a | ) |
| Robert L. Howard Veterans Home, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action has been filed by 44 individual Plaintiffs[1] who allege in their Amended Complaint that the Defendant, HMR of Alabama, Inc. d/b/a Robert L. Howard Veterans Home ("HMR"), violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"), by failing to pay them straight-time and/or overtime for work they performed during their unpaid lunch periods, and allegedly docking their work hours by 30 minutes for a meal period even if the Plaintiffs did not take a meal

---

[1] The named Plaintiffs are: Jacqueline Cooley; Heather Adams; Rosie Boyd; Ebony Byers; Shakelia Calhoun; Kimberly Campbell; Myrania Carlton; Jewell Chandler; Jalysa Embry; Apryl Evans; Voncel Freeman; Leasa Gowers; Tasha Harris; Cecelia Hawkins; Elleon Herring; Almelia Hill; Johnnie Hollis; Shanelle Hurrell; Regina Isaac; Travis Ivy; Angela Jones; Santrecia Kelley; Sarah Marbury; Angela McCray; Margaret Mixon; Vanessa Moten; Patricia Parks; Denetha Petty; Betty Phillips; Patricia Robinson; Toinetta Sutton; Chervon Tanner; Treneia Toyer; Clarissa Truss; Sujutoria Truss; Cameka Turner; David Vaughan; Debra Vaughan; Jill Vaughan; Patricia Wallace; Constance Williams; Angela Wilson; Ruby Wilson; and Andrea Wood.

break. (Count One). (Doc. 40 at 15-118; ¶¶52-589). The Plaintiffs also allege that the Defendant owes them compensation pursuant to the theories of Quantum Meruit and "Work and Labor Done" (Count Two). (Doc. 40 at 118-127; ¶¶590-625). Count Two is brought as a purported class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Doc. 1 at 20, ¶75).

This case comes before the Court on the Defendant's Motion To Dismiss (the "Motion"). (Doc. 42). For the reasons stated herein, the Motion will be **GRANTED**.

I.   PROCEDURAL HISTORY

The original Complaint, brought by the same Plaintiffs, was filed on August 30, 2016. (Doc. 1). The same FLSA claim appeared in that document in Count One, and the same purported class action "Quantum Meruit/Work and Labor Done" claim was set out as Count Three. In addition, in Count Two of the original Complaint, the Plaintiffs alleged that the Defendant breached an implied contract between themselves and the Defendant. In the original Complaint, the FLSA claims were brought as a collective action pursuant to 29 U.S.C. §§ 207 and 216(b). The collective action aspect of this action has been explicitly dropped in the Amended Complaint. (*See* doc. 40 at 15).

On September 22, 2016, the Defendant filed a "Motion To Dismiss or Alternatively to Strike the Class Allegations." (Doc. 6). On October 28, 2016, this

Court ordered that "[d]scovery in the matter, and any requirements of Rule 26(a) and (f), are hereby STAYED until the Court rules on the pending motion to dismiss." (Doc. 14). However, on November 18, 2016, the Court, upon reconsideration, lifted the stay as to "discovery directed solely to the issue of conditional class certification." (Doc. 19 at 3).

The case remained at a relative standstill until, on May 8, 2017, this Court denied the motion to dismiss Count Three, but, upon the Plaintiffs' concession, dismissed Count Two, with prejudice. (Doc. 37 at 22). Finally, after extensive analysis, the Court dismissed Count One, the FLSA claim, without prejudice, noting, in pertinent part:

> [I]n order to plausibly state a claim for failure to pay overtime under the FLSA, the Plaintiffs must provide sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the Defendant failed to pay the requisite overtime premium for those overtime hours.

(Doc. 37 at 14). The Court also held:

> [W]hen a plaintiff alleges that he was required to perform work during periods of time, such as lunch, in which he ordinarily is not compensated, that the plaintiff should, at a minimum, allege the type of compensable work he performed during the meal periods.

(Doc. 37 at 20). The Court granted the Plaintiffs leave to re-file to "cure the pleading deficiencies noted as to Count One." (Doc. 37 at 22). Hence the Amended Complaint.

3

## II. STANDARD

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most

favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## III. ANALYSIS[2]

The Defendant argues that

> [t]he Plaintiffs have failed to comply with the Court's April 11, 2017, Memorandum Opinion and Order (the "Order") (Doc. 37) directing them to identify the type of compensable work performed in order to state a claim under the Fair Labor Standards Act ("FLSA") and have failed to allege the essential element of a quantum meruit claim that the Plaintiffs had an expectation of compensation.

(Doc. 43 at 3).[3] The Court will address each of these contentions in turn.

### A. The Plaintiffs Have Not Adequately Identified the Type of Compensable Work Performed To State a Claim Under the FLSA

All of the Plaintiffs were paid on an hourly basis. The Amended Complaint, like the original Complaint, identifies the specific job titles of each of the named Plaintiffs. Thirty-three Plaintiffs were employed by the Defendant solely as "Certified Nursing Assistants" or "CNAs." (Doc. 40 at 4-5, 6, 7, 8, 9-12, 13-14, ¶¶8-14, 16-18, 20-23, 25, 28-40, 42, 44, 46-49).[4] Three Plaintiffs were employed as "Licensed

---

[2] See document 37 for the applicable law and analysis which led the Court to its conclusion that the previous Complaint was deficient.

[3] The Defendant is not challenging the sufficiency of the Amended Complaint's identification of the workweeks at issue. (*See* doc. 45 at 3, n. 4).

[4] The named Plaintiffs employed solely as CNAs were: Jacqueline Cooley; Heather Adams; Rosie Boyd; Ebony Byers; Shakelia Calhoun; Kimberly Campbell; Myrania Carlton,

5

Practical Nurses" or "LPNs." (Doc. 40 at 5, 8, 12, ¶¶ 15, 24, 41).[5] One Plaintiff was employed as a "Driver/Driver Coordinator." (Doc. 40 at 6, ¶19).[6] Three Plaintiffs were each employed as a "CNA/Concierge." (Doc. 40 at 7, 8, 13, ¶¶20, 26, 45).[7] One Plaintiff was employed as a "CNA/Driver." (Doc. 40 at 8, ¶27).[8] One Plaintiff was employed as a "CNA/Unit Clerk." (Doc. 40 at 12, ¶43).[9] One Plaintiff was employed as a "Concierge." (Doc. 40 at 14, ¶50).[10] Finally, one Plaintiff was employed as a "CNA/Machine Operator." (Doc. 1 at 14, ¶51).[11]

The Plaintiffs allege that it was the Defendant's policy to automatically deduct 30-minute uncompensated meal breaks from the pay of hourly, non-exempt employees, whether those employees took a lunch break or not. According to the

---

Jalysa Embry, Apryl Evans, Voncel Freeman, Cecelia Hawkins, Elleon Herring, Almelia Hill, Shanelle Hurrell, Angela Jones, Santrecia Kelley, Sarah Marbury, Angela McCray, Margaret Mixon, Vanessa Moten, Patricia Parks, Denetha Petty, Betty Phillips, Patricia Robinson, Toinetta Sutton, Chervon Tanner, Treneia Toyer, Sujutoria Truss, David Vaughan, Jill Vaughan, Patricia Wallace, Constance Williams, and Angela Wilson.

[5] The named Plaintiffs employed solely as LPNs were: Jewell Chandler, Johnnie Hollis, and Clarissa Truss.

[6] Leasa Gowers was employed in this capacity.

[7] Tasha Harris, Regina Isaac and Debra Vaughan were each employed in this capacity.

[8] Travis Ivy was employed in this capacity.

[9] Cameka Turner was employed in this capacity.

[10] Ruby Wilson was employed in this capacity.

[11] Andrea Wood was employed in this capacity.

Plaintiffs, when they did take a lunch break, the Defendant routinely did not ensure that Plaintiffs were completely relieved of their work duties during their uncompensated meal breaks. Instead, during their lunch breaks, each plaintiff "care[d] for patient needs" and "tend[ed] to patients." (*See* doc. 40 at 19-116, ¶¶75-585).[12] The Amended Complaint alleges that each Plaintiff worked multiple hours per workweek for which they received no compensation whatsoever. Furthermore, the Plaintiffs allege that, due to this practice, they each regularly worked over 40 hours per workweek, but did not get the proper amount of overtime compensation for the additional hours worked.

Without more detail, the allegations that each Plaintiff "care[d] for patient needs" and "tend[ed] to patients," are inadequate vague allegations stating nothing more than the general responsibilities of a CNA and/or an LPN. Furthermore, it is not plausible that employees with the titles of "Driver/Driver Coordinator" and "Concierge" would be engaged in such conduct. In addition, some Plaintiffs were employed in the dual capacity positions of CNA/Concierge, CNA/Driver, CNA/Unit Clerk, and CNA/Machine Operator. The lack of specifics in the Amended Complaint makes it impossible to tell in what capacity the Plaintiffs who held these dual-capacity jobs were working during their lunch breaks.

---

[12] The specific duties in which each Plaintiff engaged during this period are not alleged.

Even assuming that each and every Plaintiff was in fact working during their lunch periods "caring for patient needs" and "tending to patients," without <u>specifics</u> it is impossible to know whether the law was violated. As stated by the First Circuit in *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012), a case which this Court found persuasive in its previous opinion:

> [O]nce the complaint was amended to allege regular work by plaintiffs and others of more than 40 hours a week, it now described a mechanism by which the FLSA *may have been violated* as to those who worked through their lunches. But such persons could still have been properly compensated under the FLSA: in particular, various forms of "work" may not be not [sic] compensable. *See* 29 U.S.C. § 254(a) (non-"principal" preliminary or postliminary work not compensable); 29 C.F.R. §§ 785.27–785.32 (various types of training not compensable); *id*. § 785.47 (insignificant time beyond scheduled working hours not compensable).

*Pruell*, 678 F.3d at 14 (italics in original). In *Pruell* the allegations were insufficient because "the amended complaint [did] not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times." *Id.* at 14. In its previous opinion, the Court not only cited the language in the latter quote, but <u>underscored</u> it. (*See* doc. 37 at 19).[13]

---

[13] Recall that, in this Court's previous opinion, it stated:

> when a plaintiff alleges that he was required to perform work during periods of time, such as lunch, in which he ordinarily is not compensated, that the plaintiff should, <u>at a minimum</u>, allege the type of compensable work he performed during the meal periods.

8

Furthermore, despite the fact that in its previous opinion this Court decided the level of specificity in pleading which is necessary, the Plaintiffs attempt to rehash the issue.[14] The level of specificity which needs to be pleaded, and which was decided by this Court in its last opinion, remains the law of this case and the Court is not persuaded tp address it again.[15] The Plaintiffs are in the best position to state the work

---

(Doc. 37 at 20) (emphasis added). In their response to the Motion, the Plaintiffs have seized upon the "at a minimum" language as an excuse to provide no more specific factual allegations. (Doc. 44 at 3-4). There is no basis for the Plaintiffs reading this language as imposing a "minimal burden" (doc. 44 at 3), considering that it appears in the Court's previous opinion only after the discussion of *Pruell* and the cases which have followed *Pruell*'s approach. That discussion clarified that the Court required more than what the Plaintiffs have now alleged.

[14] Contrary to the Plaintiffs' argument, it is not necessary that the Plaintiffs allege "each and every function [they] performed." (Doc. 44 at 2). Even the Defendant admits that it "is not asking for an exhaustive list of every task performed during the meal breaks." (Doc. 45 at 3, n. 3). But the allegations that the Plaintiffs "cared for patient needs" and "tended to patients" during their meal breaks is akin to merely stating that the Plaintiffs "worked" during their meal breaks. Furthermore, the Court will not consider the CNA job description attached to the Plaintiffs' response to the Motion To Dismiss (doc. 44-1) since "[t]he scope of [this Court's] review must be limited to the four corners of the complaint," *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002), and "a party cannot amend a complaint by attaching documents to a response to a motion to dismiss," *Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) (citing *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir.2007)). Even if the Court considered the attachment, which describes the "essential functions" of a CNA, that would only suggest the functions that the CNA Plaintiffs possibly performed, it does not state what they actually did during their meal breaks. Additionally, the attachment sheds no light on what the Plaintiffs who were not CNAs, or who held dual responsibilities, did.

[15] Because the Plaintiffs cited this Court's opinion in *Chao v. Tyson Foods*, 568 F. Supp. 2d 1300 (N.D. Ala. 2008) (Hopkins, J.) (Doc. 44 at 4), the Court feels compelled to note that *Chao* was decided in the context of a motion for summary judgment, not a motion to dismiss, and so did not address the precise pleading issue in the instant case. *See Chao*, 568 F. Supp. 2d 1307 n. 4 (discussing the "completely relieved from duty" standard as it applies to meal periods). To the extent that the Plaintiffs are arguing that the general allegation that they were not "completely relived from duty" is sufficient, they are wrong. Such allegations are not facts, they are "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which the Supreme Court has stated "will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550

9

they did during their uncompensated meal breaks, and have not done so. Count One will be dismissed.

**B. The Plaintiffs Have Failed To Allege an Essential Element of a Quantum Meruit Claim: That the Plaintiffs Had an Expectation of Compensation**

In *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274 (11th Cir. 2003) the Eleventh Circuit addressed this very issue in the context of a quantum meruit claim under Georgia law stating:

> [The plaintiff] did not allege that it rendered its services in anticipation of compensation from [the defendant]. The Georgia Court of Appeals has stated:
>
>> a recovery on a quantum meruit basis may not be obtained where the services (even if beneficial) are rendered with no anticipation that compensation is to be received. The law will not imply a promise to pay for services contrary to the intention of the parties. There can be no recovery for services rendered voluntarily and with no expectation at the time of the rendition that they will be compensated.
>
> *Broughton v. Johnson*, 247 Ga.App. 819, 820–21, 545 S.E.2d 370 (2001); *Pembroke Steel*, 138 Ga.App. at 745, 227 S.E.2d 491 ("[R]ecovery on quantum meruit may not be obtained where the services are rendered with no anticipation that compensation is to be received.").
>
> Based on [the plaintiff's] allegations, the District Court properly concluded that [the plaintiff] had no expectation of compensation from [the defendant].

---

U.S. at 555).

10

*Iraola*, 325 F.3d at 1282.¹⁶ The Court finds this opinion dispositive as to whether pleading this element is necessary in this case since Alabama, like Georgia, requires that, "[i]n order to succeed on a claim based on a theory of quantum meruit, the plaintiff must show that it had a reasonable expectation of compensation for its services." *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006).

The Plaintiffs do not cite, and this Court has not found, even a <u>conclusory</u> allegation in the Amended Complaint that the Plaintiffs expected to be paid for services which they performed on their meal breaks.¹⁷ Furthermore, no facts are pleaded which plausibly support such an allegation. Indeed, the Amended Complaint suggests the opposite, alleging that the Defendant "had a policy, set forth in its

---

¹⁶ The Court rejects the Plaintiffs' argument that they complied with forms in the Alabama Rules of Civil Procedure and in the *Alabama Civil Practice Forms* treatise. In federal court, federal law, not state law and practice, determines whether a claim is sufficiently pled. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400, 130 S. Ct. 1431, 1438, 176 L. Ed. 2d 311 (2010) (noting that the Federal Rules of Civil Procedure "automatically" apply "in all civil actions and proceedings in the United States district courts") (citing Fed. Rule Civ. Proc. 1).

¹⁷ The Amended Complaint provides:

> 620. At Defendant's request, Plaintiffs and members of the AL Common Law Class routinely provided labor and services to Defendant during many of their uncompensated meal breaks, thus creating circumstances <u>whereby fairness requires that Plaintiffs and members of the AL Common Law Class be compensated</u> so as to prevent Defendant from being unjustly enriched at Plaintiffs' and members of the AL Common Law Class' expense.

(Doc. 40 at 125, ¶620) (emphasis added). This allegation describes only what the Plaintiffs feel would be "fair," not what they "expected" when they performed the work.

11

Employee Handbook, in which it automatically deducted a 30-minute <u>uncompensated</u> meal break . . . per workday, from a non-exempt employee's workweek (doc. 40 at 119, ¶596) (emphasis added), and that the Plaintiffs "performed regular work responsibilities during the time designated as their <u>uncompensated</u> meal breaks" (doc. 40 at 125, ¶622) (emphasis added).[18] Count Two will be dismissed.[19]

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion To Dismiss will be **GRANTED**, and this case will be **DISMISSED with prejudice**. A Final Order will be entered.

---

[18] These points were made in the Defendant's motion but were not addressed by the Plaintiffs in their response brief.

[19] Recall that Count Two is a claim for "Quantum Meruit/Work and Labor Done." (Doc. 40 at 118). The parties argue as if the theories are different names for the same claim. (*See* doc. 44 at 7 (discussing the form for "a work and labor done (*i.e.* a quantum meruit) complaint.")); doc. 43 at 16 ("Count II of the Amended Complaint is a quantum meruit claim"). While the Court is not so sure, "[b]oth of these theories for equitable relief are methods of avoiding unjust enrichment and both require the existence of a contract, either express or implied." *Frank Crain Auctioneers, Inc. v. Delchamps*, 797 So. 2d 470, 474 (Ala. Civ. App. 2000) (citing *United States ex rel. Eastern Gulf, Inc. v. Metzger Towing, Inc.*, 910 F.2d 775 (11th Cir.1990); *G.S. Gothard & Son Contractors, Inc. v. Mansel*, 611 So.2d 1101 (Ala.Civ.App.1992)). The Amended Complaint contains no allegations that there was an implied contract that the Plaintiffs would be paid for work done during their meal times. Accordingly, to the extent "work and labor done" can be interpreted to be a claim separate and apart from "quantum meruit," it is due to be dismissed as well.

**DONE** this 22nd day of January, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge